Michael Faillace
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
GABRIEL MARTINEZ, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| Plaintiff, | |
| | **COLLECTIVE ACTION** |
| -against- | **UNDER 29 U.S.C.  § 216(b)** |
| | |
| SANSOOGAPSAN II, INC.  (d/b/a SAN SOO KAP | **ECF Case** |
| SAN 2 ), YUN HWA NO AND JOHN DOE , | |
| | |
| *Defendants.* | |

------------------------------------------------------------------X

Plaintiff Gabriel Martinez individually and on behalf of others similarly situated

("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon

information and belief, and as against each of Defendants Sansoogapsan II, Inc.  ("Defendant

Corporation"), Yun Hwa No and John Doe (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiff was an employee of Defendants Sansoogapsan II, Inc. (d/b/a "San Soo

Kap San 2 "), Yun Hwa No and John Doe who own and operate San Soo Kap San 2 .

2.      San Soo Kap San 2 is a restaurant owned by Yun Hwa No and John Doe, located

at 171-10 Northern Boulevard, Flushing, New York 11358.

3.      Upon information and belief, Defendants Yun Hwa No and John Doe serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Martinez was an employee of Defendants.

5.      Plaintiff Martinez was employed as a busboy.

6.      Plaintiff Martinez regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

7.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Martinez appropriately for any hours worked.

8.      Defendants' conduct extended beyond Plaintiff Martinez to all other similarly situated employees.

9.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Martinez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS.

2

Tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

  11. Plaintiff Martinez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

  12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a)

  13. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Martinez was employed by Defendants in this district.

## PARTIES
### *Plaintiff*

  14. Plaintiff Gabriel Martinez ("Plaintiff Martinez") is an adult individual residing in Queens County, New York. Plaintiff Martinez was employed by Defendants from approximately 2007 until on or about May 10, 2015.

  15. At all relevant times to this complaint, Plaintiff was employed by Defendants as a busboy at San Soo Kap San 2 located at 171-10 Northern Boulevard, Flushing, New York 11358.

16.     Plaintiff Martinez consents to being party plaintiff pursuant to 29 U.S.C. §
216(b), and brings these claims based upon the allegations herein as a representative party of a
prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     Defendants own, operate and/or control a restaurant located at 171-10 Northern
Boulevard, Flushing, New York 11358 under the name of San Soo Kap San 2, at all times
relevant to this complaint.

18.     Upon information and belief, Defendant Sansoogapsan II, Inc. ("Defendant
Corporation") is a corporation organized and existing under the laws of the State of New York.
Upon information and belief, it maintains its principal place of business at 171-10 Northern
Boulevard, Flushing, New York 11358.

19.     Defendant Yun Hwa No is an individual engaging (or who was engaged) in
business within this judicial district during the relevant time period.

20.     Defendant Yun Hwa No is sued individually in his capacity as an owner, officer
and/or agent of Defendant Corporation.

21.     Defendant Yun Hwa No possesses or possessed operational control over
Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant
functions of Defendant Corporation.

22.     Defendant Yun Hwa No determined the wages and compensation of employees,
including Plaintiff, established the schedules of employees, maintained employee records, and
had the authority to hire and fire employees.

4

23.     Defendant John Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant John Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant John Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26.     Defendant John Doe determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

27.     Defendants operate a restaurant located at 171-10 Northern Boulevard, Flushing, New York 11358.

28.      Individual Defendants Yun Hwa No and John Doe possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

31.    Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.    In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

33.    Upon information and belief, individual Defendants Yun Hwa No and John Doe operate Defendant Corporation as either an alter ego of themselves, and/or fails to operate Defendant Corporation as an entity legally separate and apart from their own self, by, among other things:

      (a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

      (b)    defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

      (c)    transferring assets and debts freely as between all Defendants;

      (d)    operating Defendant Corporation for their own benefit as the sole or majority shareholders;

      (e)    operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

      (f)    intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

36.     In each year from 2007 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

### *Individual Plaintiff*

38.     Plaintiff is a former employee of Defendants, who was employed as a busboy.

39.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Plaintiff Gabriel Martinez*

40.     Plaintiff Martinez was employed by Defendants from approximately 2007 until on or about May 10, 2015.

41.     Plaintiff Martinez was employed by Defendants as a busboy.

7

42.     Plaintiff Martinez regularly handled goods in interstate commerce, such as dishes and other supplies necessary to perform his duties that were produced outside of the State of New York.

43.     Plaintiff Martinez' work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

45.     From approximately May 2007 until on or about November 2013, Plaintiff Martinez worked from approximately 12:00 p.m. until on or about 11:30 p.m. Wednesdays through Mondays (typically 69 hours per week).

46.     From approximately November 2013 until May 10, 2015 Plaintiff Martinez regularly worked from approximately 12:00 p.m. until on or about  11:30 p.m. Mondays, Wednesdays, Thursdays, Saturdays and Sundays and from approximately 5:00 p.m. until on or about 11:30 p.m. on Fridays (typically 64 hours per week).

47.     Defendants paid Plaintiff Martinez his weekly wages in cash.

48.     From approximately May 2007 until on or about May 2009, Defendants paid Plaintiff Martinez a fixed salary of $364 per week.

49.     From approximately May 2009 until on or about November 2013, Defendants paid Plaintiff Martinez a fixed salary of $380 per week.

50.     For a period of 2 weeks in November 2013, Defendants paid Plaintiff Martinez a fixed salary of $400 per week.

8

51.     From approximately November 2013 until on or about January 2015, Defendants paid Plaintiff Martinez a fixed salary of $384 per week.

52.     From approximately January 2015 until on or about May 2015, Defendants paid Plaintiff Martinez a fixed salary of $384 per week.

53.     Plaintiff Martinez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

54.     Defendants granted Plaintiff Martinez a 30-minute meal break for lunch and a 30-minute meal break for dinner (except for Fridays when he only worked the dinner shift).

55.     Plaintiff Martinez was required to sign a page the contents of which he did not see in order to receive his weekly salary.

56.     Defendants did not provide Plaintiff Martinez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

57.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Martinez regarding wages as required under the FLSA and NYLL.

58.     Plaintiff Martinez was never notified by the Defendants that his tips would be included as an offset for wages.

59.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Martinez's wages.

60.     Defendants did not provide Plaintiff Martinez with each payment of wages a statement of wages, as required by NYLL 195(3).

61.     Defendants did not give any notice to Plaintiff Martinez, in English and

9

in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

62.     Defendants regularly required Plaintiff Martinez to work in excess of forty (40) hours per week without paying him the appropriate minimum and overtime wages.

63.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Martinez and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage or overtime compensation, as required by federal and state laws.

64.     Defendants' pay practices resulted in Plaintiff Martinez not receiving payment for all his hours worked, resulting in Plaintiff Martinez's effective rate of pay falling below the required minimum and overtime wage rate.

65.     Plaintiff Martinez was a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

66.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Martinez by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

67.     At no time did Defendants inform Plaintiff Martinez that they had reduced his hourly wage by a tip allowance.

68.     Defendants paid Plaintiff Martinez his wages in cash.

10

69.     Defendants also failed to post required wage and hour posters in the restaurant ,
and did not provide Plaintiff Martinez with statutorily required wage and hour records or
statements of his pay received, in part so as to hide Defendants' violations of the wage and hour
laws, and to take advantage of Plaintiff Martinez's relative lack of sophistication in wage and
hour laws.

70.     Upon information and belief, these practices by Defendants were done willfully to
disguise the actual number of hours Plaintiff Martinez (and similarly situated individuals)
worked, and to avoid paying Plaintiff Martinez properly for his full hours worked, including
minimum wage, overtime, and spread of hours pay.

71.     Defendants failed to provide Plaintiff Martinez and other employees with wage
statements at the time of payment of wages, containing: the dates of work covered by that
payment of wages; name of employee; name of employer; address and phone number of
employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,
salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part
of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or
rates of pay; the number of regular hours worked, and the number of overtime hours worked, as
required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Martinez and other employees, at the time
of hiring and on or before February 1 of each subsequent year, a statement in English and the
employees' primary language, containing: the rate or rates of pay and basis thereof, whether
paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any,
claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular

11

pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73.     Plaintiff Martinez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of San Soo Kap San 2 (the "FLSA Class").

74.     At all relevant times, Plaintiff Martinez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, and the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

75.     The claims of Plaintiff Martinez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

76.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

78.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80.     Defendants failed to pay Plaintiff Martinez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

13

84.     Defendants, in violation of the FLSA, failed to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

85.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

87.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Martinez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

89.     Defendants, in violation of the NYLL, paid Plaintiff Martinez (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

90.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91.     Plaintiff Martinez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS

92.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

94.     Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiff Martinez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

96.     Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants failed to pay Plaintiff Martinez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's

15

spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

98.   Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Martinez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

99.   Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

100.   Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

101.   Defendants failed to provide Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102.   Defendants are liable to Plaintiff Martinez in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

103.   Plaintiff Martinez repeats and realleges all paragraphs above as though set forth fully herein.

104.   Defendants did not provide Plaintiff Martinez with wage statements upon each

16

payment of wages, as required by NYLL 195(3).

105. Defendants are liable to each Plaintiff Martinez in the amount of $2,500, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Martinez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Martinez and the FLSA class members;

17

(f)     Awarding Plaintiff Martinez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Martinez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages ;

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Martinez and the members of the FLSA Class;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Martinez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Martinez and the FLSA Class members;

(m)     Awarding Plaintiff Martinez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as

18

applicable;

(n)     Awarding Plaintiff Martinez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Martinez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Martinez and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 12, 2015

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     Michael A. Faillace
        60 East 42nd Street, Suite 2020
        New York, New York 10165
        (212) 317-1200   *Attorneys for Plaintiff*

19