UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X
GABRIEL MARTINEZ, *individually and*  :
*on behalf of others similarly situated*,  :
                                                    Plaintiff,  :  **REPORT AND**
                                                                    :  **RECOMMENDATION**
    -against-  :
                                                                    :  15 Civ. 2749 (ENV) (VMS)
SANSOOGAPSAN II, INC. (d/b/a SAN  :
SOO KAP SAN 2), YUN HWA NO AND  :
JOHN DOE,  :
                                                  Defendants.  :
------------------------------------------------------X

**VERA M. SCANLON, United States Magistrate Judge:**

      Plaintiff Gabriel Martinez filed this action against Defendants Sansoogapsan II and Yun Hwa No on May 12, 2015, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the New York Labor Law, N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act, N.Y. Lab. Law § 195. See generally Complaint, ECF No. 1.

      Plaintiff was initially represented by the law firm of Michael Faillace & Associates, P.C. On September 8, 2015, however, Plaintiff's counsel moved to withdraw their representation. See ECF No. 17. According to counsel, Plaintiff "indicated to [the firm] . . . that he no longer wishe[d] to proceed with the instant action." Id. p. 1. Counsel asked Plaintiff to put his desire to discontinue the lawsuit in writing, but Plaintiff failed to appear at the firm's office. Id.

In light of counsel's motion, this Court scheduled a conference for September 30, 2015 and directed Plaintiff to appear in person at the conference. See ECF No. 16; 9/18/2015 Order.  In its order scheduling the conference, the Court also advised Plaintiff that "failure to participate in the litigation, including appearing for the [September 30, 2015] hearing, will likely result in dismissal of the action for want of prosecution."  See ECF No. 16.  At the Court's direction, a copy of this order was sent to Plaintiff by certified mail.  See id.; Transcript of 9/30/2015 Conference ("9/30/2015 Tr."), ECF No. 18, p. 2:17-23.

Despite the Court's directive, Plaintiff failed to appear at the September 30, 2015 conference.  See generally 9/30/2015 Tr., ECF No. 18.  In addition, Plaintiff's counsel indicated that the firm had not heard from Plaintiff despite having made several telephone calls to Plaintiff and providing him with the Court's 9/3/2015 order.  Id. p. 2:17-23.  As Plaintiff's counsel could not sufficiently represent Plaintiff due to his unresponsiveness, the Court granted the motion to withdraw.  See 3/17/2016 Order.  In conjunction with the granting of the motion to withdraw, Plaintiff was directed to submit a letter to the Court by April 7, 2016 indicating whether he intended to proceed with the litigation pro se and warned "that if [Plaintiff] fails to appear to participate in this action, the Court may dismiss this action for want of prosecution."  Id.

Having failed to respond to the Court's 3/17/2016 Order, on April 26, 2016, Plaintiff was again ordered to submit a letter indicating whether he intended to proceed with this action by May 17, 2016. See 4/26/2016 Order. Plaintiff was likewise warned "that if he fail[ed] to respond to th[e 4/26/2016] Order, the Court may recommend dismissal of this action for want of prosecution." Id.

After Plaintiff failed to respond to the Court's 4/26/2016 Order, on May 26, 2016, Plaintiff was—yet again—ordered to submit a letter indicating whether he intended to proceed with this action by June 10, 2016. See 5/26/2016 Order. Plaintiff was once more warned "that if he fail[ed] to respond to th[e 5/26/2016] Order, the Court may recommend dismissal of this action for want of prosecution." Id.[1] As of this writing, Plaintiff has failed to respond to the 5/26/2016 Order.

In light of the continued failure to make progress in this case, that more than a year has passed since the case was filed, and that it appears that, beyond the filing of a responsive pleading by Defendants, discovery has not progressed in any manner, the Court respectfully recommends that the case be dismissed.

A plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(b) for failure to prosecute. See, e.g., In re World

---

[1] Copies of the Court's 4/26/2016 and 5/26/2016 Orders were mailed to Plaintiff at his last known address as provided by Plaintiff's former counsel. See ECF No. 19.

Trade Center Disaster Site Litig., 722 F.3d 483, 486 (2d Cir. 2013) (affirming dismissal for "failure to comply with repeated court orders despite numerous extensions of time to do so"). Fed. R. Civ. P. 41(b), which governs the dismissal of an action or claim for a plaintiff's failure to prosecute or comply with a court order, provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); Robinson v. Sposato, 13 Civ. 3334 (JFB) (WDW), 2014 U.S. Dist. LEXIS 59303, at *2 (E.D.N.Y. Apr. 24, 2014) ("Rule 41(b) authorizes a district court to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.") (internal quotations omitted). "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); see Dym v. Hartford Cas. Ins. Co., 14 Civ. 3365 (DLI) (SMG), 2016 U.S. Dist. LEXIS 22072, at *4 (E.D.N.Y. Feb. 22, 2016) (same).

In light of the foregoing, and pursuant to Fed. R. Civ. P. 41, this Court respectfully recommends that this matter be dismissed with prejudice for failure to prosecute. Despite numerous orders from the Court and no less than four specific

warnings that Plaintiff's case was in jeopardy of being dismissed, Plaintiff has not filed any responsive documents, taken any action indicating any interest in pursuing these claims, or otherwise contacted the Court to indicate that he needed additional time to do so.[2] "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson, 2014 U.S. Dist. LEXIS 59303, at *1 (internal quotations omitted); see, e.g., Yarborough v. City of N.Y., 10 Civ. 2125 (CBA) (LB), 2012 U.S. Dist. LEXIS 29845, at *5-7 (E.D.N.Y. Feb. 13, 2012), adopted by 2012 U.S. Dist. LEXIS 29841 (E.D.N.Y. Mar. 6, 2012) (dismissing case where pro se plaintiff failed to appear at her deposition and failed to respond to order to show cause for her noncompliance); Hoffman v. Scoville, 174 F.R.D. 11, 12 (N.D.N.Y. 1997) (dismissing pro se plaintiff's complaint for his failure to appear at depositions, respond to interrogatories and obey court orders to appear).

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within seventeen (17) days of its filing. Failure to file objections within the specified time waives the right to

---

[2] In fact, quite to the contrary, Plaintiff's former counsel indicated at the September 30, 2015 conference that Plaintiff had affirmatively stated that he was no longer interested in proceeding with this action. See 9/30/2015 Tr., ECF No. 18, p. 2:17-23.

appeal the District Court's order.  See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Dated: June 20, 2016
      Brooklyn, New York

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge